IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | CRIMINAL ACTION |
| v. | | NO. 14-623-1 |
| | : | |
| KEVINO GRAHAM | | |
| Defendant. | | |

## ORDER

AND NOW, this 8th day of January, 2016, it is hereby ORDERED as follows:

(1) For the reasons set forth on the record during a hearing held on December 21, 2015, Defendant's Motion to Proceed Pro Se (Doc. No. 103) is GRANTED;

(2) Defendant's Motion to Compel Discovery and Early Production of *Jencks* Materials (Doc. No. 118) and Motion to Compel Discovery of the Identities of Persons 1, 2 and 3 in the Superseding Indictment (Doc. No. 119) are DENIED as moot;

(3) Defendant's Motions to Dismiss the Indictment (Doc. Nos. 173, 177, 178 & 180), Motion to Cure a Defect in the Indictment (Doc. No. 175), and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. Nos. 167 & 176) are DENIED;[1] and,

(4) Defendant's Motion regarding application of a mandatory minimum sentence in this case (Doc. No. 182) is DENIED without prejudice as premature.

BY THE COURT:

C. Darnell Jones, II    J.

---

[1] *See United States v. McIntyre*, 612 F. App'x 77, 81 (3d Cir.2015) (reiterating that 18 U.S.C. § 1591 provides "that a defendant must act *either* knowing that force, fraud, or coercion will be used to cause the victim to engage in a commercial sex act, *or* knowing that the person is under 18 and will be caused to engage in such an act" and rejecting Appellant's argument that said Section did not apply to him because his matter did not involve minors) (emphasis in original); *see also United States v. Jimenez-Calderon*, 183 F. App'x 274, 279 (3d Cir.2006) ("Section 1591 does not solely address the trafficking of minors. It prohibits the trafficking of any person, adult or minor, if force, fraud, or coercion is used to cause that person to engage in a commercial sex act.") (citing 18 U.S.C. § 1591).