IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL ACTION |
| KEVINO GRAHAM;<br>RENATO TEIXERA;<br>BRIAN WRIGHT; and<br>RAFFAEL ROBINSON<br>    Defendants. | :<br><br>: | NO. 14-623 |

**ORDER**

AND NOW, this 20th day of January, 2016, upon consideration of Defendant Kevino Graham's Motion to Dismiss Count Two 1591 Violation (Doc. No. 193), it is hereby ORDERED that said Motion is DENIED.[1]

BY THE COURT:

/s/ C. Darnell Jones   II   J.

---

[1] "[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir.2000) (citations omitted). An indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "'[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.'". *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir.2007) (*quoting United States v. Rankin*, 870 F.2d 109, 112 (3d Cir.1989)).